IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WILLIE L. JOHNSON JR., <br><br> Plaintiff, <br><br> v. <br><br> PHIL J. SHERIDAN CO. d/b/a MID-GEORGIA SALES COMPANY and DENNIS A. HANSON, <br><br> Defendants. | Civil Action No. <br><br> JURY TRIAL DEMANDED |

## COMPLAINT
## INTRODUCTION

1.   Plaintiff Willie L. Johnson Jr. ("Plaintiff" or "Johnson") brings this action against Phil J. Sheridan Co. d/b/a Mid-Georgia Sales Company ("Mid-Georgia Sales") and Dennis A. Hanson ("Hanson") (collectively "Defendants") to obtain full and complete relief for Defendants' violation of the overtime pay requirements under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA").

## JURISDICTION AND VENUE

2.   The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

3.   Pursuant to 28 U.S.C. § 1391, venue is proper in this Court because the unlawful employment practices described herein were committed within the Macon Division of the United States District Court for the Middle District of Georgia.

1

## PARTIES

4. Johnson is a citizen of the United States of America, and a resident of the state of Georgia.

5. Defendant Mid-Georgia Sales is a Georgia corporation with a principle place of business at 4100 San Carlos Drive, Macon, Georgia 31206.

6. Defendant Mid-Georgia Sales may be served with process by delivering a copy of the Summons and Complaint to its registered agent Dennis A. Hanson at 559 Rosa Taylor Drive, Macon, Georgia 31204.

7. Defendant Hanson is the Chief Executive Officer ("CEO") and Chief Financial Officer ("CFO") of Mid-Georgia Sales.

8. Defendant Hanson may be served with process by delivering a copy of the Summons and Complaint to his home address at 559 Rosa Taylor Drive, Macon, Georgia 31204.

9. Defendants are governed by and subject to 29 U.S.C § 206 and § 207.

10. At all relevant times, Defendant Mid-Georgia Sales was engaged in commerce or in the production of goods for commerce.

11. Defendant Mid-Georgia Sales is in the alcohol distribution business.

12. At all relevant times, Defendant Mid-Georgia Sales had at least $500,000.00 in annual gross volume of sales made or business done.

13. At all relevant times, Defendants were "employers" under the FLSA as that term is defined by 29 U.S.C. § 203(d).

14. Defendant Hanson acted directly or indirectly in the capacity of an employer in relation to Johnson.

15. Defendant Hanson determined the terms and conditions of Johnson's employment, including (but not limited to) Johnson's job duties, work hours and compensation.

16. Defendant Hanson implemented policies and practices affecting Johnson's employment, including its policy and practice of not paying overtime.

17. At all relevant times, Johnson was an "employee" of Defendants as that term is defined by 29 U.S.C. § 203(e).

## FACTUAL ALLEGATIONS

18. Johnson worked for Defendants from 1992 to October 26, 2016.

19. Johnson worked as an "Assistant Helper."

20. As an Assistant Helper, Johnson rode with drivers delivering alcoholic goods to clients (e.g., retailers, clubs, bars, etc.) located within the state of Georgia.

21. Johnson's job duties involved unloading the goods from the delivery truck and stocking clients' shelves, coolers, etc. with the goods.

22. Johnson was paid on an hourly basis.

23. At all relevant times, Johnson was paid between $10.00 and $11.00 per hour.

24. At all relevant times, Johnson clocked in and clocked out of Defendants' timekeeping system.

25. Johnson consistently worked more than forty (40) hours per week.

26. Defendants did not pay Johnson time and one-half his regular rate of pay for all hours worked over 40 in a week.

27. Defendants merely paid Johnson straight time (i.e., his regular hourly rate of pay) for all hours worked over 40 in a week.

28. Johnson complained about not being paid overtime to Defendant Hanson.

29. In response to Johnson's complaint, Hanson stated that "he's not supposed to pay overtime."

## COUNT ONE
## (Fair Labor Standards Act ("FLSA"))
## (Failure to Pay Overtime Compensation)

30. Johnson incorporates the Factual Allegations as if fully restated here.

31. Defendants violated the FLSA by failing to pay Johnson time and one-half his regular hourly rate of pay for all hours worked over 40 in a week.

32. Johnson is a non-exempt employee.

33. Johnson consistently worked more than 40 hours in a week.

34. Defendants were aware that Johnson worked overtime because they kept a record of Johnson's work hours through a timekeeping system.

35. Defendants merely paid Johnson straight time for his overtime hours.

36. Defendants willfully disregarded their obligations under the FLSA.

37. It is well established that hourly employees are entitled to be paid overtime when they work more than 40 hours in a week.

38. As the direct and proximate result of Defendants' unlawful conduct, Johnson has suffered a loss of income and other damages.

39. Johnson is entitled to back wages, liquidated damages in an equal amount, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief as against Defendant:

A. A judgment in favor of Plaintiff for unpaid wages, liquidated damages, prejudgment interest on unpaid wages, and reasonable attorneys' fees and costs in accordance with the FLSA;

B. Judgment against Defendants that Defendants' violations were willful; and

C. Such other and further relief as this Court may deem just and proper.

Date: May 26, 2017

                                    Respectfully submitted,

                                    SMITH LAW, LLC

                       By:   /s/ Louise N. Smith
                            Louise N. Smith
                            Georgia Bar No. 131876

                                                                  William J. Smith  
                                                                  Georgia Bar No. 710280  
                                                                  *Counsel for Plaintiff*

3611 Braselton Highway  
Suite 202  
Dacula, GA 30019  
T: (678) 690-5299  
F: (844) 828-5615  
louise@smithlaw-llc.com  
william@smithlaw-llc.com

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury pursuant to Fed.R.Civ.P. 38(b).

                                                By:   /s/ Louise N. Smith  
                                                         Louise N. Smith

## **FONT AND POINT VERTIFICATION**

I hereby certify that the within and foregoing COMPLAINT was prepared using Times New Roman, 14-point font.

This 26th day of May, 2017.

                                              By:  /s/ Louise N. Smith
                                                      Louise N. Smith

**CERTIFICATE OF SERVICE**

I hereby certify that I have this 26th day of May, 2017 served all the parties in this matter with the foregoing COMPLAINT by personal service pursuant to Fed. R. Civ. P. 4.

By:   /s/ Louise N. Smith         
        Louise N. Smith