IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WILLIE L. JOHNSON, JR., <br><br> Plaintiff, <br><br> v. <br><br> PHIL J. SHERIDAN CO. d/b/a MID-GEORGIA SALES CO. and DENNIS A. HANSON, <br><br> Defendants. | Civil Action No. 5:17-cv-00205-TES |

**JOINT SUPPLEMENT TO JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE**

COMES NOW Plaintiff Willie L. Johnson, Jr. and Defendants Phil J. Sheridan Co. d/b/a Mid-Georgia Sales Co. and Dennis A. Hanson (collectively the "Parties"), by and through their undersigned counsel, and respectfully supplement their Joint Motion for Approval of Settlement and Dismissal with Prejudice, showing as follows:

**FACTUAL BACKGROUND**

On May 26, 2017, Plaintiff initiated this action to recover alleged unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. Defendant answered, denying all claims and contending Plaintiff was exempt under the Motor Carrier Act exemption. In November 2017, the Parties agreed to a settlement and proceeded to finalize the terms of that settlement in a written

1

document. On March 3, 2018, the Parties filed a Joint Motion for Approval of the Settlement and Dismissal with Prejudice. (Dkt. No. [15]). The Court denied that Motion on the grounds that: (1) the Settlement Agreement contained a confidentiality clause; and (2) the Parties did not provide evidence justifying the reasonableness of Plaintiff's attorney's fees or represent that the fees were agreed upon without regard to the amount paid to settle Plaintiff's claim. (Dkt. No. [16]). The Court afforded the Parties 21 days to address these issues.

## ARGUMENT AND CITATION TO AUTHORITY

**I.  The Court should approve the amended settlement agreement because that agreement does not contain a confidentiality clause.**

After the Court's April 3, 2018 Order, the Parties amended the Settlement Agreement to exclude the confidentiality clause. See Amended Settlement Agreement, attached as Exhibit 1.

**II.  The Court should approve Plaintiff's attorney's fees because the amount allocated for Plaintiff's attorney's fees is reasonable and consistent with the terms of Plaintiff's Representation Agreement with Plaintiff's Counsel.**

The Parties agreed to settle their dispute for the sum total of $5,500.00. Pursuant to Plaintiff's Representation Agreement with Plaintiff's counsel, which was entered into on May 1, 2017, Plaintiff's counsel is entitled to forty (40) percent of any monetary recovery (i.e., $2,200.00) and reimbursement of any costs/expenses incurred on behalf of Plaintiff (i.e., $421.81) See Unsworn Declaration of Louise N. Smith, attached as Exhibit 2, Appendix A. Accordingly, Plaintiff's portion of the

2

total settlement amount is $2,621.81. Since Plaintiff wanted to net $3,000.00, Plaintiff's counsel reduced its portion of the total settlement accordingly. Thus, under the Settlement Agreement, Plaintiff is to be paid the gross amount of $3,000.00 and Plaintiff's counsel is to be paid the gross amount of $2,500.00 (consisting of $421.81 for costs and $2,078.91 for fees). See Exhibit 1.

Plaintiff's counsel's fee is reasonable. The Eleventh Circuit utilizes the lodestar approach to determine a reasonable attorney's fee. See Camden I Condominium Assoc., Inc. v. Dunkle, 946 F.2d 768, 772 (11th Cir. 1991). The lodestar formula is the product of the number of reasonable hours expended and the reasonable hourly rate. Burlington v. Dague, 505 U.S. 557, 559-560 (1992). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Housing Authority of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).

Plaintiff's counsel has been licensed to practice law for seven years, and has extensive experience litigating single-plaintiff and multi-plaintiff unpaid overtime and minimum wage claims arising under the Fair Labor Standards Act ("FLSA"). On February 15, 2017, the United States District Court for the Northern District of Georgia approved Plaintiff's request for fees at an hourly rate of $350.00 in an FLSA

collective action. See Anthony Walters v. Intec Communications, LLC et al., N.D. Ga. Case No. 1:15-cv-02673-ELR at (Dkt. No. [329]).

Plaintiff's counsel and staff spent approximately 25.8 hours representing Plaintiff in this matter. See Exhibit 2, Appendix B. Of that total, 24.8 hours were expended by an attorney (Louise N. Smith), which equates to an hourly rate of $83.83 ($2,078.91/24.8 (hours)). See id. That hourly rate is more akin to the prevailing hourly rates for paralegals (not attorneys) within this district. See Lyles v. Burt's Butcher Shoppe & Eatery, Inc., 2011 U.S. Dist. LEXIS 119286 at *11 (M.D. Ga. Oct. 17, 2011) (approving an hourly rate of $85.00 for a paralegal seven years ago). Accordingly, Plaintiff's counsel's fee is reasonable. Defendants' counsel does not contest the reasonableness of Plaintiff's counsel's fee.

## CONCLUSION

For the foregoing reasons, the Parties respectfully request that this Court approve the amended Settlement Agreement and dismiss the instant action with prejudice.

This 24th day of April, 2018.

        Respectfully submitted,

        SMITH LAW, LLC

    By:   */s/ Louise N. Smith*
           Louise N. Smith
           Georgia Bar No. 131876
           William J. Smith

Georgia Bar No. 710280
*Attorneys for Plaintiff*

3611 Braselton Highway
Suite 202
Dacula, GA 30019
T: (678) 690-5299
F: (844) 828-5615
louise@smithlaw-llc.com
william@smithlaw-llc.com

CONSTANGY, BROOKS, SMITH &
PROPHETE, LLP

*/s/ Alyssa K. Peters*
Alyssa K. Peters
Georgia Bar No. 455211
Patricia-Anne Upson
Georgia Bar No. 564294
*Attorneys for Defendants*

577 Mulberry Street
Suite 710
P.O. Box 1975
Macon, GA 31202-1975
T: (478) 750-8600
F: (478) 787-0774

## **FONT AND POINT CERTIFICATION**

I hereby certify that the foregoing JOINT SUPPLEMENT TO JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE was prepared using Times New Roman, 14-point font.

*/s/ Louise N. Smith*
Louise N. Smith
Georgia Bar No. 131876

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of March 2018, I electronically filed the foregoing JOINT SUPPLEMENT TO JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE with the Clerk of Court by using CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

    Alyssa K. Peters
    Patricia-Anne Upson

                                  */s/ Louise N. Smith*
                                  Louise N. Smith
                                  Georgia Bar No. 131876